UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. BRAUD III, | ) | Case No.: 1:06 CV 1059 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY CAREER | ) | |
| CENTER, *et. al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

On April 28, 2006, Plaintiff Robert G. Braud III, ("Plaintiff") filed the instant action against Defendants Cuyahoga County Career Center and the Cuyahoga Valley Career Center Board of Education, a.k.a. Cuyahoga Valley Joint Vocational School District Board of Education (collectively, "Defendants"). The Complaint seeks both compensatory and punitive damages for: (1) violation of the Americans with Disabilities Act ("ADA"), including but not limited to 42 U.S.C. §§ 12101, 12112, and 12112(b)(5)(A)-(B); (2) violation of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq*. ("Rehabilitation Act"); (3) handicap discrimination in violation of Ohio Revised Code § 4112.01, *et seq.*; and (4) wrongful discharge in violation of both state and federal public policy. (*See* Pl.'s Compl., ECF No. 1.) Currently pending before the court is Defendants' Motion for Judgment on the Pleadings which, because it relies on matters outside of the pleadings,

shall be treated as a Motion for Summary Judgment. (ECF No. 6.) For the reasons set forth below, Defendants' Motion is denied.

## I. FACTS

On or about June 22, 2000, Plaintiff was employed by Defendants as a computer-aided drafting teacher. (*See* Pl.'s Compl., ¶ 8, ECF No. 1.) Plaintiff and Defendants thereafter entered into a series of one-year teaching contracts starting from the 2000-2001 school year through the 2004-2005 school year. (*See id.*; Defs.' Mot. for Summ. J. at 4, ECF No. 6.) Plaintiff alleges that he had a good working record, received good evaluations and received annual performance salary increases throughout this time. (*See* Pl.'s Compl., ¶ 8.)

On or about March 14, 2005, Plaintiff alleges that he wrote a letter to Defendants confirming an earlier communication, where he had informed Defendants that he had been diagnosed with, and treated for, Attention Deficit Disorder ("ADD"). (*Id.* ¶ 10.) Plaintiff's letter to Defendants also allegedly requested two accommodations: (1) that he be sent reminders of deadlines for critical paperwork or meetings; and (2) that the evaluation process be modified to allow him to be objectively, rather than subjectively, evaluated. (*See id.*) Plaintiff alleges that shortly after sending this letter, Defendants advised him that his teaching contract for the 2004-2005 school year would not be renewed. (*Id.* ¶ 11.) On or about August 29, 2005, Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"), and on January 31, 2006, the EEOC sent Plaintiff a notice of right to sue. (*Id.* ¶ 4.)

Defendants maintain that Plaintiff never notified them of his disability or need for accommodations until after the decision not to renew his teaching contract had already been made. (Defs.' Mot. at 3, ECF No. 6.) Defendants admit that Plaintiff did timely request a hearing before

Defendants and a written statement from Defendants describing the circumstances that led to their decision not to renew his teaching contract.  (*See id.* at 4.)  Defendants maintain however, that Plaintiff failed to attend his hearing and failed to appeal the Board's decision not to renew his teaching contract.  (*Id.*)

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the  matters stated therein . . . .  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standard. Thus, in most civil cases the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III. LAW AND ANALYSIS

### A. Violation of Public Policy and Punitive Damages

Plaintiff has filed a Stipulated Notice of Dismissal without prejudice with regard to his wrongful discharge in violation of public policy claims and his request for punitive damages. (*See* Pl.'s Stipulated Notice of Dismissal, ECF No. 8.) Therefore, Defendants' Motion for Summary Judgment on those points is denied as moot. Defendants' Motion for Summary Judgment on Plaintiff's three remaining claims under : (1) the Americans with Disabilities Act, including but not limited to 42 U.S.C. §§ 12101, 12112, and 12112(b)(5)(A)-(B); (2) the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*; and (3) violation of Ohio Revised Code § 4112.01, *et seq.*, are discussed below.

### B. Exhaustion of Administrative Remedies

#### 1. Plaintiff's ADA Claim

##### a. Federal Administrative Requirements

To exhaust administrative remedies prior to bringing an ADA claim, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). The EEOC issued and sent a notice of right to sue to Plaintiff, dated January 31, 2006. (*See* Braud Aff. at 4, ECF No. 9.) Plaintiff filed his Complaint in this action on April 28, 2006, which was within 90 days of the EEOC's issuing the right to sue letter to Plaintiff. Accordingly, Plaintiff has complied with the required procedural steps to exhaust his administrative remedies for his ADA claim.

##### b. State Procedural Requirements

Defendants argue that Plaintiff's ADA claim is also subject to state procedural rules, and therefore, must be dismissed because of Plaintiff's failure to exhaust his administrative remedies under O.R.C. § 3319.11(G).  (*See* Defs.' Reply Br. at 2, ECF No. 12.)  Section § 3319.11 (G) states in pertinent part:

> (1) Any teacher receiving written notice of the intention of a board of education not to reemploy such teacher pursuant to division (B), (C)(3), (D), or (E) of this section may, within ten days of the date of receipt of the notice, file with the treasurer of the board a written demand for a written statement describing the circumstances that led to the board's intention not to reemploy the teacher.
>
> (2) The treasurer of a board, on behalf of the board, shall, within ten days of the date of receipt of a written demand for a written statement pursuant to division (G)(1) of this section, provide to the teacher a written statement describing the circumstances that led to the board's intention not to reemploy the teacher.
>
> (3) Any teacher receiving a written statement describing the circumstances that led to the board's intention not to reemploy the teacher pursuant to division (G)(2) of this section may, within five days of the date of receipt of the statement, file with the treasurer of the board a written demand for a hearing before the board pursuant to divisions (G)(4) to (6) of this section.
>
> (4) The treasurer of a board, on behalf of the board, shall, within ten days of the date of receipt of a written demand for a hearing pursuant to division (G)(3) of this section, provide to the teacher a written notice setting forth the time, date, and place of the hearing. The board shall schedule and conclude the hearing within forty days of the date on which the treasurer of the board receives a written demand for a hearing pursuant to division (G)(3) of this section.
>
> (5) Any hearing conducted pursuant to this division shall be conducted by a majority of the members of the board. The hearing shall be held in executive session of the board unless the board and the teacher agree to hold the hearing in public. The superintendent, assistant superintendent, the teacher, and any person designated by either party to take a record of the hearing may be present at the hearing. The board may be represented by counsel and the teacher may be represented by counsel or a designee. A record of the hearing may be taken by either party at the expense of the party taking the record.
>
> (6) Within ten days of the conclusion of a hearing conducted pursuant to this division, the board shall issue to the teacher a written decision containing an order

> affirming the intention of the board not to reemploy the teacher reported in the notice given to the teacher pursuant to division (B), (C)(3), (D), or (E) of this section or an order vacating the intention not to reemploy and expunging any record of the intention, notice of the intention, and the hearing conducted pursuant to this division.
>
> (7) A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county in which the largest portion of the territory of the school district or service center is located, within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with section 3319.11 or 3319.111 [3319.11.1] of the Revised Code.

O.R.C.§ 3319.11 (G).

Specifically, Defendants maintain that the Plaintiff failed to attend his hearing held pursuant to that provision and failed to appeal the board's decision not to renew his contract, pursuant to that same provision. Defendants rely upon *Frick v. Univ. Hosps of Cleveland*, 133 Ohio App. 3d 224 (8th Ohio Ct. App.1999) in support of their argument that Plaintiff is required to exhaust the above mentioned state procedures.[1] *Frick* held that a plaintiff who brought claims for wrongful termination in violation of public policy and for violation of the Family Medical Leave Act ("FMLA") in state court was required to exhaust the administrative remedies provided for in her employee handbook. *Frick*, 133 Ohio App. 3d at 230-31. In *Frick*, the defendant moved for summary judgment on several grounds, including that plaintiff had not exhausted the administrative remedies in the employee handbook prior to filing her suit. *Id.* at 226. In finding that exhaustion of remedies in the employee handbook was required, the court reasoned that since plaintiff acknowledged receiving a handbook containing defendant's employee dispute procedure and did

---

[1] Defendants also cite the slip opinion in *Portis v. Metro parks Servicing Summit County*, 9th Dist. App. No. 22310 (April 20, 2005). As *Portis* discusses the exhaustion of internal remedies prior to the filing of a state law discrimination claim under O.R.C. § 4112, rather than a federal claim, it shall be discussed in *infra*.

not exhaust those procedures prior to filing her claims with the court, her claims were barred. *Id.* at 226, 231.

*Frick* addresses the issue of whether an employee must follow the grievance procedures outlined in an employee handbook. It does not address the issue of whether a plaintiff must utilize available state procedures when he has otherwise complied with federal administrative prerequisites to bringing suit. There is no claim in this case that the procedures set out in a handbook were not followed. The claim is that the available administrative procedures under O.R.C. § 3319.11(G) were not followed. This court finds no credible support for the position that one must engraft any available state remedy or process that may be available to plaintiff onto the federal requirements for filing suit. While the court has some serious doubts about the holding and reasoning in *Frick*, this court does not read *Frick* as supporting Defendants' argument in regard to this issue. Consequently, Defendants' Motion for Summary Judgment as to Plaintiff's ADA claim for failure to exhaust the administrative remedies of O.R.C. § 3319.11(G) is denied.

### 2. Plaintiff's Federal Rehabilitation Act Claim

Defendants further assert that Plaintiff was required to follow the procedures in O.R.C. § 3319.11(G) prior to filing his Rehabilitation Act claim in federal court. Defendants again rely on the *Frick v. Univ. Hosps of Cleveland* decision in arguing that Plaintiff's Rehabilitation Act claim is subject to state procedural rules, and therefore, must be dismissed because of Plaintiff's failure to exhaust his administrative remedies under O.R.C. § 3319.11(G).

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796i (1982), was designed to assist and protect the rights of the handicapped. *See Smith v. United States Postal Serv.*, 742 F.2d 257, 258 (6th Cir. 1984). Congress wanted to "develop and implement, through research, training, services,

and the guarantee of equal opportunity, comprehensive and coordinated programs of vocational rehabilitation and independent living" for disabled persons. *Id.*; *see also* § 701, *et. seq.*

While a federal employee suing under the Act must exhaust administrative remedies pursuant to procedures set forth in Title VII, non-federal employees such as the Plaintiff in this case, are not required to exhaust available statutory or regulatory remedies prior to suit. *See Tuck v. HCA Health Serv's of Tenn.*, 7 F.3d 465, 470 (6th Cir. 1993). Furthermore, the court does not read *Frick*, or any other case as requiring that an employee must follow available state procedures in the face of the holding in *Tuck* that no remedies must be exhausted prior to filing suit.

Consequently, Defendants' Motion for Summary Judgment as to Plaintiff's Rehabilitation Act claim for failure to exhaust administrative remedies is denied.

### 3. Plaintiff's State Handicap Discrimination Claim Under O.R.C. § 4112, *et. seq.*

Finally, Defendants argue that Ohio law requires exhaustion of administrative remedies prior to filing state law claims for discrimination. Thus, Defendants argue that Plaintiff's claim for handicap discrimination in violation of O.R.C. § 4112 must be dismissed. Ohio Revised Code § 4112 states in pertinent part that it is an unlawful discriminatory practice:

> For any employer, because of the . . . handicap . . . of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

*See* O.R.C. § 4112.02(A). Additionally, O.R.C. § 4112.99 provides that "whoever violates this chapter is subject to civil action for damages, injunctive relief, or any other appropriate relief." *See* O.R.C. § 4112.99.

There is no requirement that an administrative process be followed, such as filing a claim with the Ohio Civil Rights Commission, prior to bringing suit under §§ 4112.02 and 4112.99 for

- 9 -

handicap discrimination. *See Smith v. Friendship Vill. of Dublin*, 92 Ohio St. 3d 503, 506 (Ohio 2001) ("[U]nder R.C. 4112.99, an individual may institute an independent civil action for discrimination on the basis of physical handicap even though that individual has not invoked and exhausted his or her administrative remedies."); *Elek v. Huntington Nat'l Bank*, 60 Ohio St. 3d 135 (Ohio1991); *Larkins v. G.D. Searle & Co.*, 68 Ohio App. 3d 746, 750 (10th Ohio Ct. App. 1991) ("[W]e find nothing in R.C. Chapter 4112 that would require reading an exhaustion of remedies requirement into R.C. 4112.99."); *McClenaghan v. Ohio Dep't. of Com.*, 2005 Ohio 1284 *23 (Ohio Ct. Cl. 2005) ("[a]lthough defendant raised the failure to exhaust administrative remedies as an affirmative defense, the Supreme Court of Ohio has found that, even though a person has not exhausted his administrative remedies, that person may institute an independent civil action for disability discrimination.").

In light of this caselaw indicating that exhaustion is not required, the court is not inclined to extend the logic of *Portis v. Metro Parks*, 9th Dist. App. No. 22310 (April 20, 2005)[2] beyond its facts. The court finds the other cases mentioned above, which clearly state no exhaustion is

---

[2]  In *Portis*, the plaintiff-appellant filed suit under § 4112 for race, age, and gender discrimination after his employment was terminated. 9th Dist. App. No. 22310 ¶ 2. The lower court had granted summary judgment to the defendant based on the plaintiff's failure to exhaust the internal grievance procedures outlined in an employee handbook, which the plaintiff admitted he received. *Id.* ¶ 9. In affirming the lower court's determination, the Court of Appeals relied on *Nemazee v. Mt. Sinai Medical Ctr.*, 56 Ohio St.3d 109, in finding that an employee who is discharged must exhaust all internal administrative remedies. *Id.* ¶ 14. The court also found that its opinion was consistent with *Libecap v. Lutheran Social Servs.*, 1994 Ohio App. LEXIS 452, 1-2 (Ohio Ct. App. 1994). *Id.* ¶ 12.

This court notes that neither *Nemazee,* nor *Libecap* involved the issue of exhaustion of administrative remedies with regard to a discrimination claim brought pursuant to O.R.C. § 4112. Additionally, both of those cases predate *Smith v. Friendship Vill. of Dublin*, 92 Ohio St. 3d 503, 506 (Ohio 2001).

required, to be more persuasive. Therefore, this court finds that Plaintiff in the instant case did not need to exhaust any administrative remedies prior to filing his claim for discrimination under O.R.C. § 4112. Consequently, Defendants' Motion for Summary Judgment as to Plaintiff's handicap discrimination claim under O.R.C. § 4112 is denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 6) is denied.

IT IS SO ORDERED.

>                    /s/*SOLOMON OLIVER, JR.*
>                    UNITED STATES DISTRICT JUDGE

March 27, 2007